# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **John P. Riffice,** | Bankruptcy No. 15-27307 |
| Debtor. | Honorable Pamela S. Hollis |

## COVER SHEET FOR FINAL FEE APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant:            Law Offices of William J. Factor, Ltd.

Authorized to Provide         Peter N. Metrou, Chapter 7 Trustee for the
Professional Services to:     estate of John P. Riffice

Period for Which              October 30, 2015 – August 14, 2017
Compensation is Sought:

Amount of Fees Sought:        $6,300.00

Amount of Expense             $    0.00
Reimbursement Sought:

This is an:                   Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{00097318}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **John P. Riffice,** | Bankruptcy No. 15-27307 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, September 8, 2017, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: August 16, 2017                    **FactorLaw**

                                                                   By: */s/ Ariane Holtschlag*
                                                                   One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:   (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

## CERTIFICATE OF SERVICE

     I, Ariane Holtschlag, an attorney, hereby certify that on August 16, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

                                                         */s/ Ariane Holtschlag*

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com; bharlow@wfactorlaw.com; gsullivan@ecf.inforuptcy.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Thomas W Lynch** | twlpc@worldnet.att.net, lsarathylaw@gmail.com |
| **Joseph Menning** | jmenning@mcandl.com |
| **Peter N Metrou** | met.trustee7@att.net; met.trustee_backup@att.net; pnmlawyer@aol.com; pmetrou@ecf.epiqsystems.com |

**Non-Registrants**
(Service via US Mail)

{00097318}                                       3

Athletic & Therapeutic Inst.
4947 Paysphere Circle
Chicago, IL 60674-4947

BMW Bank of North America, Inc
P.O. BOX 201347
ARLINGTON, TX 76006-1347

BMW Bank of North America
5550 Britton Parkway
Hilliard, OH 43026-7456

Ciulla & Donofrio
127 Washington Ave
Box 219
North Haven, CT 06473-1742

Fifth Third Bank
5/3 Bankruptcy Department
1830 E Paris Ave Se
Grand Rapids, MI 49546-6253

Gbs/first Electronic B
280 10200 S #200
Sandy, UT 84070-4380

INDEPENDENT BANK
c/o Weltman, Weinberg & Reis Co.,L.P.A.
180 N. LaSalle Street, Suite 2400
Chicago, IL 60601-2704

Independent Bank
Attn: Bankruptcy Department
230 West Main Street
Ionia, MI 48846-1655

Joseph R. Menning
McCullough Campbell & Lane
205 N. Michigan Ave, Suite 4100
Chicago, IL 60601-5993

Karen M. Riffice
110 Golfview Lane
Unit B
Frankfort, IL 60423-9543

Karen Riffice
110 Golfview Lane
Unit B
Frankfort, IL 60423-9543

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Thomas W Lynch
Thomas W Lynch & Associates PC
9231 S Roberts Rd
Hickory Hills, IL 60457-3814

Joseph Menning
McCullough Campbell Lane LLP
205 N. Michigan Avenue
Chicago, IL 60601-5993

Peter N Metrou
Metrou & Associates PC
123 W Washington St Suite 216
Oswego, IL 60543-1049

Mini Finanical Services
BMW Bank of North America
PO Box 78066
Phoenix, AZ 85062-8066

Murth Cullina LLP
City Place 1, 185 Asylum Street
Hartford, CT 06103-3408

Pellettieri
991 Oak Creek Dr
Lombard, IL 60148-6408

Quantum3 Group LLC as agent for
Genesis Consumer Funding LLC
PO Box 788
Kirkland, WA  98083-0788

R 4 Properties
Michael and Ann Riffice
185 Red Oak Drive
Fairfield, CT 06824-1898

R4 Properties, Michael Riffice, Ann Marie Ri
McCullough Campbell & Lane, LLP c/o
205 N. Michigan Avenue, Suite 4100
Chicago, IL 60601-5993

John P. Riffice
110 Golfview Lane
Unit B
Frankfort, IL 60423-9543

Sheffield Financial
Bankruptcy Department
PO Box 580229
Charlotte, NC 28258-0229

Sheffield Financial
PO Box 1847
Wilson, NC  27894-1847

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| In re: | Chapter 7 |
|---|---|
| **John P. Riffice,** | Bankruptcy No. 15-27307 |
| Debtor. | Honorable Pamela S. Hollis |

**FACTORLAW'S FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "***FactorLaw***"), counsel for Peter N. Metrou, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of John P. Riffice (the "***Debtor***"), hereby submits its final application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$6,300.00** for legal services performed by FactorLaw during the period of October 30, 2015 – August 14, 2017 (the "***Application Period***") and seeks no reimbursement for expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.   Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4. On August 10, 2015, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6. On October 30, 2015, the Court approved the Trustee's retention of FactorLaw to represent him and to investigate certain assets of the Estate.

7. Among the assets of the Estate was a claim to recover pre-petition and post-petition transfers and claims against various insiders of Debtor and for aiding and abetting Debtor in committing bankruptcy fraud by concealing assets.

8. On December 31, 2015, creditors R4 Properties, Michael Riffice, and Ann Marie Riffice (collectively, the "**R4 Creditors**"), through their counsel, Joseph Menning, filed an adversary complaint against Debtor objecting to his discharge under 727 ("**Adversary Complaint**"). On December 6, 2016, the Court entered an order denying the Debtor's discharge.

9. In their Adversary Complaint, the R4 Creditors make allegations about various fraudulent activity by the Debtor including Debtor's pre-petition sale of a car to his wife's company and concealing the proceeds.

10. The Trustee and FactorLaw negotiated with the R4 Creditors in order to reach a potential settlement relating to funds it collected from property of the Estate post-petition. Ultimately, the R4 Creditors voluntary disgorged all post-petition funds it received from property of the Estate. The Trustee and FactorLaw thereafter worked with the R4 Creditors to

examine the viability of the remaining claims of the Estate against the Debtor or insider third parties.

11. After completing his investigation, the Trustee determined that it would not be cost effective to pursue the remaining claims and that the creditors, including the R4 Creditors, would be best served by making a distribution from the existing recovered funds.

## FEE APPLICATION

### I. Services performed.

12. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

13. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

*1. Summary of Services by professional.*

14. FactorLaw spent a total of 22.8 hours at a cost of $6,300.00 in connection with this Case during the Application Period.

15. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
| --- | --- | --- | --- | --- |
| Ariane Holtschlag | Associate | $250/$275/$325[1] | 20.0 | $5,842.50 |
| James Liu | Associate | $250 | 0.6 | $162.50 |
| David P. Holtkamp | Associate | $275 | 0.2 | $55.00 |

---

[1] Ms. Holtschlag's hourly rate was increased to $275.00 effective January 1, 2016, and again to $325.00 effective June 1, 2017 in the ordinary course of FactorLaw's annual rate adjustments.

{00097318}                                        6

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Christopher Williams | Law Clerk | $120 | 2.0 | $240.00 |
| | | Totals: | 22.8 | $6,300.00 |

*A. Itemization of fees by category of Services rendered.*

16. **Case Administration.** FactorLaw spent a total of 7.8 hours at a cost of $1,900.00 on matters relating to case administration.

17. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275/$325 | 5.5 | $1,580.00 |
| James Liu | Associate | $250 | 0.1 | $25.00 |
| David P. Holtkamp | Associate | $275 | 0.2 | $55.00 |
| Christopher Williams | Law Clerk | $120 | 2.0 | $240.00 |
| | | Totals: | 7.8 | $1,900.00 |

18. **Avoidance Actions.** FactorLaw spent a total of 34.2 hours at a cost of $9,463.75 on matters relating to investigating and recovering the post-petition transfer of property of the Estate to the R4 Creditors as well as investigating and analyzing the viability of other avoidance actions against third parties.

19. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275/$325 | 14.5 | $4,262.50 |

{00097318} 7

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| James Liu | Associate | $250 | .5 | $137.50 |
| | | Totals: | 15 | $4,400.00 |

## II. Expenses

20. FactorLaw did not incur expenses during its representation of the Trustee in this Case.

## III. FactorLaw's retention was appropriate through the Application Period

21.    During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

22.    No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

23.    Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

### BASIS FOR THE REQUESTED RELIEF

24.    Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:
> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were

necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

25. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

26. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

27. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context,

"[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

28. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $276.32. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$6,300.00**;

B. Authorizing the Trustee to pay FactorLaw the allowed compensation in the total amount of **$6,300.00**; and

C. Granting such other relief as the Court deems just and equitable.

Dated: August 16, 2017     **FactorLaw**

By: */s/ Ariane Holtschlag*
One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com